United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) ) ) Criminal Case No. 18-20463-CR-Scola |
| Ronald Bernadino Ruiz-Mendez, Defendant. | ) ) ) |

### Order Granting Motion for Sentence Reduction

This matter is before the Court on Defendant Ronald Bernadino Ruiz-Mendez's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Def.'s Mot., ECF No. 32.) Previously, the Court granted the Defendant's motion but has since vacated that order (ECF No. 36), in response to the Government's motion for reconsideration (Gov't's Mot., ECF No. 37). Additionally, the Court appointed counsel to represent the Defendant in responding to the Government's motion for reconsideration. The Defendant has since responded (Def.'s Resp., ECF No. 57) to the Government's motion. The Government has not replied and the time to do has passed. After careful review, the Court **grants** the Government's motion for reconsideration (**ECF No. 37**), thus also granting the Defendant's motion for a reduction of his sentence (**ECF No. 32**).

1. Background

On May 31, 2018, the Defendant was indicted for participating in a conspiracy to distribute five kilograms or more of cocaine, intending, knowing, and having reasonable cause to believe it would be unlawfully imported into the United States. (ECF No. 1.) After being arrested in and extradited from Guatemala, the Defendant ultimately pleaded guilty, on May 14, 2021, to the sole count in the indictment. (ECF Nos. 16–18.)

The United States Probation Office prepared a pretrial services report ("PSI"), which determined that the Defendant had a total offense level of 33, a criminal history category of I, and an advisory guideline range of 135 to 168 months. (Gov't's Mot. at 2.) Based on the Defendant's truthful cooperation, however, the Court varied below the guidelines and sentenced the Defendant to only 120 months, followed by two years of supervised release. (Gov't's Resp. at 2.)

Since the Defendant was sentenced, the United States Sentencing

Commission issued a sentencing adjustment for certain zero-point offenders, which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors" ("Amendment 821"). The Defendant now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 120 months in prison and two years of supervised release.

### 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical

care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

As noted, the retroactive amendment that the Defendant invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;
>
> (5) the instant offense of conviction is not a sex offense;
>
> (6) the defendant did not personally cause substantial financial hardship;
>
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
>
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
>
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*See id.*

Here, as the Government acknowledges, a review of the Defendant's case reveals he is indeed eligible for a sentence reduction pursuant to Amendment 821. The Defendant qualifies for the adjustment for zero-point offenders because

he meets all the criteria set forth above. In addition, as the Government agrees, a reduction in the Defendant's sentence is consistent with the applicable policy statements.

Specifically, application of the two-level reduction in the Defendant's sentence results in offense level of 31, instead of 33, with a new guideline range of 108 to 135 months. Upon considering the § 3553(a) factors, the Court concludes (with no objection from the Government), that the Defendant is entitled to a reduction of his sentence to the low-end of his reduced guidelines. Although the Court initially varied below the guidelines, the Court is not permitted to "reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

There is, however, a narrow exception to this general rule, but it does not apply here, as the Defendant suggests. Under subdivision (B), "[i]f the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B). This "comparably less" carveout, however, applies only to defendants who cooperated with the government and received a sentence reduction either under U.S.S.G. § 5K1.1 or Rule 35(b). When "[t]he Commission amended § 1B1.10(b)(2)," it "prohibit[ed] § 3582(c)(2) reductions below a prisoner's amended guidelines range, unless the original sentence had been below the applicable guidelines range because of a reduction based upon the defendant's substantial assistance to authorities." *United States v. Colon*, 707 F.3d 1255, 1259 (11th Cir. 2013); see also *United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1335-36 (11th Cir. 2017) (same).

Although the Court previously varied below the Defendant's original guidelines, based on the Defendant's truthful cooperation, that is not the same as the Government's having filed a motion based on the Defendant's providing substantial assistance. On the other hand, if the Government ultimately files a Rule 35 motion for a downward departure, subsequent to this order, the Court will certainly consider a further reduction to the Defendant's sentence.

### 4. Conclusion

Accordingly, based on the foregoing, the Court **grants** the Government's motion for reconsideration as well as the Defendant's motion for a reduction in his sentence (**ECF Nos. 32, 37**). The Court reduces the Defendant's sentence to ***108 months*** in prison, with all other terms and conditions to remain in effect,

including his two years of supervised release.

**Done and ordered** in Miami, Florida on April 23, 2024.

_____
Robert N. Scola, Jr.
United States District Judge